FILED
United States Court of Appeals
Tenth Circuit

November 20, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

MARLENE MOORE, Individually and
as Executrix of the Estate of Jared
Michael Moore; PATRICK RICHARD
MOORE,

      Plaintiffs-Appellants,

    v.

BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF LEAVENWORTH;
DONALD NAVINSKY, DEAN
OROKE, CLYDE GRAEBER,
Commissioners; DAVID ZOELLNER,
Sheriff, in his official and individual
capacity; ROBERT L. PETERMAN, in
his official and individual capacity;
HERB NYE, Former Sheriff, in his
individual capacity; JOHN DOE NO.
1, JOHN DOE NO. 2, Deputies, in
their official and individual capacities,

      Defendants-Appellees.

No. 07-3053

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 05-CV-2556-KHV)

---

Submitted on the briefs:[*]

Patrick J. Doran, L.C., Kansas City, Missouri, for Appellants.

Michael K. Seck, Fisher, Patterson, Sayler & Smith, L.L.P., Overland Park, Kansas, and Teresa L. Watson, Fisher, Patterson, Saylor & Smith, L.L.P., Topeka, Kansas, for Defendants - Appellees Board of County Commissioners of the County of Leavenworth, Kansas, Donald Navinsky, Dean Oroke, Clyde Graeber, David Zoellner and Herb Nye, and Michael C. Kirkham, Sanders Conkright & Warren, LLP, Overland Park, Kansas, for Defendant - Appellee Robert L. Peterman.

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

**HARTZ**, Circuit Judge.

---

Jared Moore, a volunteer fire fighter, was killed when his automobile was struck by one driven by defendant Robert L. Peterman, a deputy with the Leavenworth County Sheriff's Department (the Department), while both men were responding to an emergency call. Plaintiffs, the parents of Mr. Moore, brought suit in the United States District Court for the District of Kansas against a number of defendants. At issue on appeal are Plaintiffs' claims under 42 U.S.C. § 1983 that Deputy Peterman and, through his actions, the Board of County Commissioners of the County of Leavenworth (the County), violated their son's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Fourteenth Amendment right to procedural due process. The individual commissioners are sued in their official capacities. Claims against a board of county commissioners or an individual board member in his or her official capacity are claims against the county itself. *See Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999).

Plaintiffs assert that a Department written policy prohibiting deputies from driving at speeds more than 10 miles per hour over the posted speed limit when responding to emergency calls (the Policy) created protected liberty and property interests for Mr. Moore. They contend that when Deputy Peterman violated the Policy while responding to an emergency call, he deprived Mr. Moore of those interests without due process of law. The district court granted summary judgment in favor of Deputy Peterman and the County on this claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm. In the circumstances of this accident it would not have been practical to provide Mr. Moore with notice and a hearing. Therefore, the postdeprivation opportunity to bring a state-law tort action satisfied due process.

## I.

"We review the district court's grant of summary judgment de novo, applying the same legal standard [to be] used by the district court. Summary judgment is appropriate if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Darr v.*

*Town of Telluride*, 495 F.3d 1243, 1250–51 (10th Cir. 2007) (citations and internal quotation marks omitted).

We view the evidence in the light most favorable to Plaintiffs. *See id*. at 1251. Shortly before midnight on December 28, 2004, the Department dispatched Deputy Peterman to the site of an automobile accident. En route he activated his emergency lights but not his siren. Mr. Moore was also dispatched to the accident. He proceeded to the scene in his personal vehicle, which was not unusual for firefighters responding to medical emergencies. The vehicle was not equipped with emergency equipment but he had activated his hazard lights and Deputy Peterman was aware that firefighters were responding to the scene. Mr. Moore and Deputy Peterman were traveling north on the same two-lane road, with Mr. Moore ahead of Deputy Peterman. The posted speed limit where Deputy Peterman collided with Mr. Moore was 50 miles per hour. Immediately before the collision Deputy Peterman was traveling north in the southbound traffic lane and was quickly closing on Mr. Moore. Mr. Moore began to make a left turn at an intersection to continue toward the accident. Deputy Peterman applied his brakes but collided with the rear of Mr. Moore's car at 84 to 87 miles per hour. He had been traveling at 90 to 94 miles per hour before he applied the brakes, more than 30 miles per hour above what the Policy permitted. Mr. Moore was ejected from his car and died within a few hours.

**II.**

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Section 1983 creates a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

> We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.

*Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

Plaintiffs appear to argue on appeal that Mr. Moore had a constitutionally protected liberty interest in his life and a constitutionally protected property interest in the County's compliance with the policy restricting the speed of emergency vehicles. But even if we assume that Plaintiffs are correct in this regard, they must still be denied relief because Mr. Moore had no right to a predeprivation hearing to protect those interests. Indeed, we fail to see how such a hearing could have been conducted.

The essence of procedural due process is the provision to the affected party of "'*some* kind of notice and . . . *some* kind of hearing,'" *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (quoting *Goss v. Lopez*, 419 U.S. 565, 579 (1975)). Plaintiffs do not describe the procedural due process to which they believe

Mr. Moore was entitled. Their brief on appeal includes the phrase: "the specified process that [Mr.] Moore was due—compliance with a mandatory written Department policy regulating maximum speed of Department vehicles." Aplt. Br. at 22. But that policy is not a procedure, it is a substantive matter. It sets a standard of conduct. The *procedural* due process issue, then, is what procedures, if any, are required before a person is deprived of the benefits of compliance with that standard. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest . . . is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125.

The procedure that Plaintiffs could claim as Mr. Moore's constitutional entitlement would have to be notice of some kind that Deputy Peterman was speeding in Mr. Moore's direction and some kind of opportunity for Mr. Moore to protest that action in a "hearing." The hearing, however, would not be before the wrongdoer, Deputy Peterman, but before a superior who could control his actions. This proposition has been made clear in *Hudson v. Palmer*, 468 U.S. 517 (1984), particularly as explicated in *Zinermon*. In *Hudson* a prisoner complained that a prison officer had denied him procedural due process by intentionally destroying the prisoner's noncontraband personal property during a search. The Court rejected this claim, stating that state postdeprivation remedies provided adequate due process in the circumstances. As explained in *Zinermon*:

-6-

In *Hudson* . . . the state official was not acting pursuant to any established state procedure, but, instead, was apparently pursuing a random, unauthorized personal vendetta against the prisoner. The Court pointed out: "The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." 468 U.S.[] at 533. Of course, the fact that the guard's conduct was intentional meant that he himself could "foresee" the wrongful deprivation and could prevent it simply by refraining from his misconduct. Nonetheless, the Court found that an individual state employee's ability to foresee the deprivation is "of no consequence," because the proper inquiry . . . is "whether the *state* is in a position to provide for predeprivation process." [*Id.*] at 534 (emphasis added).

*Zinermon*, 494 U.S. at 130 (citations omitted).

Likewise, in this case Deputy Peterman's speeding was not "pursuant to any established state procedure." *Id*. On the contrary, Plaintiffs contend that Deputy Peterman intentionally *violated* Department policy by driving so fast in response to the emergency call. The Department could hardly have provided Mr. Moore notice and a hearing during the time that Deputy Peterman was heading toward the scene of the earlier accident. The only practical process that could be provided would be a postdeprivation tort remedy. As we said in *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007), "The Supreme Court has held that where pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy [procedural] due process requirements." Because the state has provided Plaintiffs

-7-

with such a tort remedy, we hold that Plaintiff's procedural-due-process claim must fail.

## III.

The judgment of the district court is AFFIRMED.